IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

THE CHIROPRACTIC NEUROLOGY CENTER
OF TUPELO; CHIROPRACTIC NEUROLOGY
CONSULTANT PC d/b/a AMERICAN FUNCTIONAL
NEUROLOGY INSTITUTE; DR. WILLIAM A. BARLOW, D.C. ;
and DR. MATTHEW C. MACKEY, D.C.                               PLAINTIFFS

V.                                              CAUSE NO. 1:15 CV 219-GHD-DAS

DR. MICHAEL JOHNSON, D.C. ; DR. MICHAEL JOHNSON
d/b/a THE CENTER FOR QUALITY HEALTHCARE;
DR. MICHAEL JOHNSON d/b/a JOHNSON METHOD
CONSULTING; JOHN DOE ENTITIES 1-10;
and JOHN DOES 1-10                                           DEFENDANTS

## PLAINTIFFS' *DAUBERT* MOTION TO EXCLUDE EXPERT TESTIMONY OF BRENDAN O'CONNER

**COMES NOW,** the Plaintiffs, The Chiropractic Neurology Center of Tupelo, Chiropractic Neurology Consultant PC d/b/a American Functional Neurology Institute, Dr. William A. Barlow, D.C., and Dr. Matthew C. Mackey, D.C by and through counsel and files this *Daubert* Motion and Motion to Strike Expert Testimony, or in the Alternative, Limit the Expert Testimony of Brendan O'Connor and Request for *Daubert* Hearing ("Motion"). As grounds for this Motion, Plaintiff would respectfully show unto the Court the following:

1.      Defendants have disclosed the supposed expert testimony of Brendan O'Connor. Although Plaintiffs do not object to some of his report, a good portion of it does not tie to the facts in this case and does not consider alternative theories. Those opinions O'Connor intends to render as an "expert" do not meet the minimum standards for expert testimony under the Federal

Rules of Evidence. O'Connor has failed to consider the Defendant's sworn testimony that he took the passwords and usernames of his own electronic bulletin board without authorization to access Plaintiff Barlow's electronic bulletin board and he has failed to consider the possibility that the users of his bulletin board did not self-enroll.

2. Further, Plaintiffs have been prevented from asking Defendant Johnson about how he gathered passwords because he has raised the Fifth Amendment. Without further questioning on that issue, O'Connor's opinion cannot be reconciled with Johnson's facts.

3. The factual basis for the opinion is fatally unsound, and does not meet the minimum standards for admission of expert testimony under Rule 702 in that: it will not assist the trier of act; it is not based on sufficient facts or data; it is not the product of reliable principles and methods; and he has not reliably applied any such principles or methods to the facts of the case.

4. Pursuant to Evidence Rules 401, 403, 602, 701, 702, 703, 801, and 802 and for all the reasons set forth in the Memorandum in support of this Motion, Plaintiffs move the Court to exclude or in the alternative, limit the testimony and "expert" opinions of Brendon O'Connor.

5. Plaintiffs requests a *Daubert* hearing as to the "expert" testimony of Brendan O'Connor so that the Court can observe Defendant's designated expert and independently assess the reliability of his proffered testimony.

6. Plaintiffs also request an evidentiary hearing at which Defendant Mike Johnson will be permitted to explain his prior testimony regarding borrowing the user names and passwords of others to access Dr. Barlow's message board.

7. Pursuant to Evidence Rules 401, 403, 602, 701, 702, 703, 801 and 802 and for all the reasons set forth in the Memorandum in support of this Motion, Plaintiff moves the Court to exclude, or in the alternative, limit the testimony and expert opinions of Brendan O'Connor.

8. In support of this Motion, Plaintiffs rely upon their supporting brief; the pleadings filed in this lawsuit; and the following exhibits:

- Exhibit A – Deposition of Defendant Dr. Michael Johnson (relevant excerpts)
- Exhibit B – Deposition of Chris Steiner (relevant excerpts)
- Exhibit C – Affidavit of Attorney Kurt Goehre
- Exhibit D – Expert Opinion by Ted Scott
- Exhibit E – Deposition of Dr. Michael Johnson; *Johnson Chiropractic Neurology v. Steiner,* Case No. 16-SC-170, Circuit Court of Brown County, Wisconsin
- Exhibit F – Expert Opinion of Brendan O'Conner
- Exhibit G – Affidavit of Ted Scott
- Exhibit H – Deposition of Emily Neils (relevant excerpts)
- Exhibit I – Defendants' Responses to Plaintiffs' Second Set of Requests for Admission

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, for the reasons set forth herein and in the Memorandum in support of this Motion, requests that the Court enter its Order excluding or limiting the proposed expert testimony of Brendan O'Connor and for all other relief the Court deems appropriate.

Respectfully submitted, this the 31st day of May, 2017.

        **THE CHIROPRACTIC NEUROLOGY CENTER OF TUPELO; CHIROPRACTIC NEUROLOGY CONSULTANT PC d/b/a AMERICAN FUNCTIONAL NEUROLOGY INSTITUTE; DR. WILLIAM A. BARLOW; and DR. MATTHEW C. MACKEY**

By: /s/ William R. Wheeler, Jr.
    WILLIAM R. WHEELER, JR., MSBN 10848
    JAMES R. FRANKS, JR., MSBN 100156
    TIFFANY K. PHARR, MSBN 104849
    C. JACKSON WILLIAMS, MSBN 7226

OF COUNSEL:

WHEELER & FRANKS LAW FIRM, P.C.
P.O. Box 681
Tupelo, MS 38802
Tel: (662) 842-0380
Fax: (662) 842-7491
Email: jfranks@wheelerfrankslaw.com
Email: wwheeler@wheelerfrankslaw.com
Email: tpharr@wheelerfrankslaw.com

C Jackson Williams, Attorney at Law
P.O. Box 69
Taylor, MS 38673-0069
Tel: (662) 701-9447
Email: cjxn@mac.com

## **CERTIFICATE OF SERVICE**

I, William R. Wheeler, Jr., one of the attorneys of record for the Plaintiffs, do hereby certify that I have served a true and correct copy of the above and foregoing ***Plaintiffs' Daubert Motion*** to the following:

Scott R. Hendrix, Esq.
L. Bradley Dillard, Esq.
Mitchell, McNutt & Sams
105 S. Front Street
P.O. Box 7120
Tupelo, MS 38802-7120
(662) 842-3871
shendrix@mitchellmcnutt.com
bdillard@mitchellmcnutt.com

Dated, this the 31st day of May, 2017.

    /s/ William R. Wheeler, Jr.
WILLIAM R. WHEELER, JR.