**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

THE CHIROPRACTIC NEUROLOGY CENTER
OF TUPELO; CHIROPRACTIC NEUROLOGY
CONSULTANT PC d/b/a AMERICAN FUNCTIONAL
NEUROLOGY INSTITUTE; DR. WILLIAM A. BARLOW, D.C.;
and DR. MATTHEW C. MACKEY, D.C.    **PLAINTIFFS/
COUNTER-DEFENDANTS**

vs.    NO. 1:15CV219-GHD-DAS

DR. MICHAEL JOHNSON, D.C.;
DR. MICHAEL JOHNSON d/b/a
THE CENTER FOR QUALITY HEALTHCARE;
DR. MICHAEL JOHNSON d/b/a
JOHNSON METHOD CONSULTING;
JOHN DOE ENTITIES 1-10; and
JOHN DOES 1-10    **DEFENDANTS/
COUNTER-PLAINTIFFS**

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION IN LIMINE
CONCERNING EVIDENCE OF OTHER LITIGATION**

**COME NOW** Defendants/Counter Plaintiffs, Dr. Michael Johnson, D.C., Dr. Michael Johnson d/b/a The Center for Quality Healthcare and Dr. Michael Johnson d/b/a Johnson Method Consulting (collectively "**Defendants**"), by and through counsel, and submit the instant Response to Plaintiffs' Motion in Limine Concerning Evidence of Other Litigation, stating as follows:

**LAW AND ARGUMENT**

Plaintiffs filed the instant motion [Docket No.: 171] asking this Court to - prematurely - exclude evidence from the trial of this matter. Plaintiffs are asking this Court to exclude from the trial of this matter all "evidence, testimony, and arguments regarding the Supreme Court of Mississippi case ("MSSC case") styled, *Andy Barlow, D.C. v. Mississippi State Board of Chiropractic Examiners*, Cause No. 2016-SA-00110 (Miss. 2016)." *See* Docket No.: 171, p. 1.

2173620

Plaintiffs have apparently made the determination that this evidence is not relevant, and even if it is, the evidence is unfairly prejudicial. Defendants assert that Plaintiffs' motion is not well-founded and should be denied. Alternatively, this Court should forego ruling on Plaintiffs' motion until such time as the parties have had an opportunity to engage in the pre-trial order process.

Plaintiffs' motion is replete with summary conclusions but offers little support for those conclusions. Plaintiffs argue that any evidence from the MSSC case is not relevant and they cite Rule 401 of the Federal Rules of Civil Procedure. Plaintiffs then summarily conclude that this evidence is "completely unrelated to any of the allegations contained in Plaintiffs' Second Amended Complaint [ECF No. 35], and/or Defendants' Counterclaim [ECF No. 39]." *See* Docket No.: 172, p. 3. Plaintiffs further argue that even if this evidence is relevant, then it is unfairly prejudicial pursuant to Rule 403. Id. Interestingly, Plaintiffs do not argue that this evidence would not be relevant to Defendants' affirmative defense to the defamation claim.

Defendants argue that the evidence sought to be excluded could be relevant to Defendants' affirmative defense - particularly with respect to the defamation claim - that statements made about Plaintiffs were true. Plaintiffs acknowledge in their motion that one of the claims being pursued is that for one of defamation and slander. *See* Docket No.: 172, p. 3. Any evidence that would support Defendants' position that they did not defame or slander Plaintiffs would be relevant and would have a "tendency to make a fact more or less probable" and would also be "of consequence in determining" this particular issue. *See* Fed.R.Evid. 401. For example, any admission or statement made by Plaintiffs in the MSSC case, or any other evidence for that matter, with regard to qualifications of the Plaintiffs, could prove that statements allegedly made by Defendants about Plaintiffs were in fact true. If so, then evidence

2

2173620

of this type would certainly be relevant pursuant to Rule 401 and it would not be unfairly prejudicial under Rule 403. Plaintiffs argue that the MSSC case was never mentioned on the Center for Quality Healthcare Facebook.com page or the website www.drandybarlowdc.com as support for their argument that it is not relevant. *See* Docket No.: 172, p. 2. However, it does not necessarily follow that all evidence in the MSSC case would be irrelevant in these proceedings simply because the MSSC case was not specifically mentioned on either the Facebook page or website. Defendants assert that this is an illogical leap in order to arrive at a predetermined outcome. There are allegations made relating to investigations by the state board of chiropractors and/or suggestions made to refer matters to the state board. Certainly, for this reason alone, the case is relevant. Moreover, it goes to the character of the Plaintiffs and is therefore relevant and admissible in a defamation matter. The Plaintiffs cannot make claims that their character has been diminished without having counterproof admitted. To hold such would only prejudice unfairly the Defendants.

    Defendants have not decided at this time - nor have they intimated - that any of the evidence sought to be excluded will even be used during trial. Thus, the present motion is premature and this Court should hold its ruling on this motion in abeyance until such time as the Court has an opportunity to determine if this evidence will be used, and if so, how it will be used and in what context. In fact, whether this evidence is even used will likely depend on how the proof develops at trial and during the preparation of trial phase and even depends on this Court's rulings on the many other pending motions. As such, there is no harm or prejudice to Plaintiffs if this Court holds its ruling on the present motion in abeyance. As argued above, however, if Defendants do decide to use such evidence, then Defendants argue that it would certainly be relevant to Plaintiffs' defamation claims and, more importantly, to Defendants' defense thereto.

3

Lastly, if Defendants decide to use such evidence at trial it is agreed that an evidentiary hearing, under Rule 104 of the Federal Rules of Evidence, outside of the presence of the jury may be appropriate to address any and all arguments regarding the relevance and admissibility of the disputed evidence.

## CONCLUSION

Based upon the foregoing, Defendants request that Plaintiffs' motion be denied in all respects at this time, or alternatively, held in abeyance as described herein. Plaintiffs have failed in their attempt to persuade this Court that the evidence sought to be excluded would be irrelevant and/or unfairly prejudicial. Furthermore, the present motion is premature in that Defendants have yet to decide if this evidence will even be used at trial. If Defendant does decide to use this evidence, then Defendants would not object to a hearing in which the Court sought to ascertain how the evidence will be used and in what context before ruling on this motion. Lastly, Defendants would not contest such hearing outside the presence of the jury should this Court deem the same appropriate to determine its admissibility if this evidence is to be used. Summarily excluding this evidence at this stage of the litigation seems premature given its potential relevance to Plaintiffs' defamation claims. Alternatively, this Court should forego ruling on Plaintiffs' motion until such time as the parties have had an opportunity to engage in the pre-trial order process at which time such evidence will be proposed to be used or not.

Respectfully submitted, this the 25th day of September, 2017.

>
> DR. MICHAEL JOHNSON, D.C., ET AL
> **Defendants/Counter-Plaintiffs**
>
> **BY:** */s/Scott R. Hendrix*
> **SCOTT R. HENDRIX, MSB #10680**
> **L. BRADLEY DILLARD, MSB #10114**

4

2173620

**OF COUNSEL:**

**MITCHELL, McNUTT & SAMS, P.A.**
**105 SOUTH FRONT STREET**
**POST OFFICE BOX 7120**
**TUPELO, MISSISSIPPI 38802-7120**
**(662) 842-3871 (telephone)**
**(662) 842-8450 (facsimile)**
**shendrix@mitchellmcnutt.com**
**bdillard@mitchellmcnutt.com**

5

2173620

**CERTIFICATE OF SERVICE**

I, Scott R. Hendrix, one of the attorneys for Defendants/Counter-Plaintiffs, do hereby certify that I have this day served a true and correct copy of the above and foregoing RESPONSE TO PLAINTIFFS' MOTION IN LIMINE CONCERNING EVIDENCE OF OTHER LITIGATION on the following via ECF filing:

James R. Franks, Jr., Esq.
William R. Wheeler, Jr., Esq.
Tiffany K. Pharr, Esq.
Wheeler & Franks Law Firm, P.C.
P.O. Box 681
Tupelo, MS 38802
jfranks@wheelerfrankslaw.com
Wwheeler@wheelerfrankslaw.com
tpharr@wheelerfrankslaw.com

C. Jackson Williams, Esq.
Attorney at Law
P. O. Box 69
Taylor, MS 38673-0069
cjxn@mac.com

THIS the 25th day of September, 2017.

                                                  */s/Scott R. Hendrix*
                                                  SCOTT R. HENDRIX